**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**

| | | |
|---|---|---|
| VINCENT ZANGARA AND MARY PRESNELL, on behalf of themselves and all others similarly situated, | ) ) ) | **JUDGE OLIVER** |
| | ) | |
| Plaintiffs, | ) ) | CASE NO. **1:05CV731** |
| v. | ) ) | |
| | ) | CLASS ACTION COMPLAINT |
| TRAVELERS INDEMNITY COMPANY OF AMERICA One Tower Square Hartford, CT 06183 | ) ) ) ) | |
| | ) | |
| and | ) | Jury Demand Endorsed Hereon |
| | ) | |
| TRAVELERS PROPERTY CASUALTY INSURANCE COMPANY, One Tower Square Hartford, CT 06183 | ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

## PARTIES

1.  Plaintiffs Vincent Zangara and Mary Presnell are individuals and citizens of the state of Ohio. Plaintiffs reside in Richmond Heights, Ohio. During the relevant time period, and as a result of Defendants' scheme, Plaintiffs were insured under a Travelers Indemnity Company of America homeowners insurance policy.

2.  Defendant Travelers Indemnity Company of America is a Connecticut corporation with its principal place of business in Hartford, Connecticut. Travelers Indemnity Company of America is authorized to sell insurance, and in fact sells insurance in the state of Ohio.

3.  Defendant Travelers Property Casualty Insurance Co. is a Connecticut corporation with its principal place of business in Hartford, Connecticut.

4. Defendant Travelers Property Casualty Insurance Co. wholly owns Defendant Travelers Indemnity Company of America.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over Plaintiffs' claims under 28 U.S.C. § 1332. The Court has supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367.

6. Pursuant to 28 U.S.C. § 1332(d)(2), (Class Action Fairness Act), the sum value of this class action is at least Five Million Dollars ($5,000,000.00), exclusive of interest and costs.

7. Venue is proper in this Court under 28 U.S.C. § 1391(b), because Plaintiffs and many Class members live in this District, because Defendants have marketed, advertised and sold Travelers auto insurance in this District, and because the transaction giving rise to Plaintiffs' claims occurred, and continues to occur, in part, in this District.

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

8. Defendants, Travelers Indemnity Company of America and Travelers Property Casualty Insurance Company (collectively, Defendants or Travelers), acting as juridically linked entities pursuant to agreements among themselves, as each other's agents, as alter egos, and/or as co-conspirators, coordinated to implement, and participated in, a single unlawful scheme by which they deceived Plaintiffs and Class members into purchasing higher-priced homeowners insurance policies by concealing from them the availability of lower-priced policies that offer identical coverage and service and that differ only in price.

2

9.  In Ohio and other states, Defendants sell identical homeowners insurance at multiple prices.

10. The difference in the price of the multiple-priced policies that Defendants sell to persons in the same risk class does not relate to underwriting factors.  Consumers who are in the same risk group are sold higher-priced policies and Defendants conceal the availability of lower- priced polices offering identical coverage and service.  Defendants systematically and uniformly concealed this fact from Plaintiffs and Class members.

11. Typically, Defendants utilize one "company" to sell only one type of policy, either at a high price or low price.  Defendants' authorized agents, who function as dual agents for both Plaintiffs and Defendants, receive from Defendants a financial incentive, higher commissions, to sell each consumer a higher-priced policy, and to conceal lower-priced policies offering identical coverage and service.  Defendants facilitated, promoted, and created the concealment scheme, in part by selling the same insurance through purportedly distinct entities.

12. On or about March 19, 2002, Defendants sold Plaintiffs their Travelers Indemnity Company of America homeowners insurance policy without disclosing to them the availability of a less expensive Travelers homeowners policy offering identical coverage and policyholder service.  At no time did Defendants disclose to Plaintiffs that they could have paid substantially less for their Travelers homeowners insurance.  Had Defendants informed Plaintiffs that they could pay substantially less for identical insurance, they would have done so.

3

13. Plaintiffs and Class members, all of whom purchased a higher-priced policy, paid substantially more for identical coverage and policyholder service than they would have paid if Defendants had disclosed the availability of their identical lower-priced policy. Plaintiffs and Class members received no benefit whatsoever in exchange for paying the higher premiums that Defendants established for their higher-priced policies.

14. Defendants exercise control over the sales process. For example, Defendants' authorized agents sell Defendants' homeowners insurance products through the use of computer software that Defendants developed and provide to their agents. Defendants' software requires Defendants' agents to submit information pertaining to underwriting criteria (e.g., prospective policyholder's name, address, age and other information) when qualifying a potential customer for Defendants' homeowners insurance policies.

15. At the conclusion of the underwriting criteria input process, Defendants' software generates, and enables Defendants' agents to quote, multiple premiums for insurance policies that provide identical coverage and policyholder service, and that differ only in price. These multiple premium quotes correspond to Defendants' higher-priced and lower-priced policies.

16. Defendants and their agents owe a fiduciary duty to consumers who purchase Travelers homeowners insurance. Pursuant to their fiduciary duty, Defendants and their agents must fully and accurately explain to Plaintiffs and Class members all material terms and conditions of their homeowners insurance products, including price. Defendants utilized and implemented a sales scheme through dual agents, and manipulated the fiduciary duties owed by their dual agents to Plaintiffs and Class members to accomplish their deception.

4

17. Separate from, and in addition to their fiduciary duty to Plaintiffs and Class members, Defendants and their agents owe to Plaintiffs and Class members a duty of full and fair disclosure arising from their superior knowledge of Defendants' homeowners insurance products, a partial speaking (disclosure of only the higher price), concealment of objectively material information (the availability of identical coverage and service at a lower price), with the intent to deceive Plaintiffs and the Class.

18. In violation of these duties, Defendants and their agents have offered, quoted and sold higher-priced Travelers homeowners insurance while concealing from Plaintiffs and Class members the availability of identical, lower-priced Travelers homeowners insurance. In committing the unlawful acts described herein, Defendants' authorized agents acted within the course and scope of the authority expressly granted by Defendants.

19. Defendants, having exclusive knowledge of the availability of lower-priced coverage for the same insurance they sold at a higher price knowing and expecting that Plaintiffs and Class members would reasonably believe when quoted a rate for Travelers homeowners insurance that they had been quoted the lowest, or only, available rate for Travelers homeowners insurance, made a partial disclosure of only the higher price. By doing so, Defendants knew that they would, and in fact did, induce Plaintiffs and Class members to purchase Travelers homeowners insurance at the higher price, when any rational consumer objectively would have purchased identical Travelers insurance at the lower available price, had Defendants and their agents disclosed that price.

20. Defendants have pursued a common plan, design, and course of conduct, acted in concert with, aided and abetted, and otherwise conspired with one another, in furtherance of

5

their common design or scheme to defraud Plaintiffs and Class members as described herein. Defendants developed the unlawful and deceptive scheme under which Travelers policies are priced, quoted and sold, determined the agent commission levels, authored every Travelers homeowners insurance policy, created, distributed and updated the computer software used to quote and sell Travelers homeowners insurance policies, and appointed, trained and supervised their authorized agents who sell Travelers homeowners insurance.

21. At all times relevant to this lawsuit, there has been such unity of interest between Defendants and among Travelers subsidiaries and affiliates that their separate identities exist solely to carry out the deceptive and unlawful scheme described herein.

22. At all times relevant to this lawsuit, Defendants participated in the scheme described herein in cooperation with and as agents and instrumentalities of one another for the purpose of deceiving and harming Plaintiffs and Class members as described herein.

23. Defendants are juridically linked through contracts governing their management and control, through which the scheme described herein has been implemented.

24. Defendants, acting as juridically linked entities pursuant to agreements among themselves, as each other's agents, as alter egos, and/or as co-conspirators author every Travelers homeowners insurance policy sold by Defendants.

25. Defendants, acting as juridically linked entities pursuant to agreements among themselves, as each other's agents, as alter egos, and/or as co-conspirators developed and implemented the premium and commission structure for the sale of every Travelers homeowners insurance policy sold by Defendants.

6

26. Defendants, acting as juridically linked entities pursuant to agreements among themselves, as each other's agents, as alter egos, and/or as co-conspirators appoint, authorize, train and supervise their agents who sell Travelers homeowners insurance.

27. Defendants, acting as juridically linked entities pursuant to agreements among themselves, as each other's agents, as alter egos, and/or as co-conspirators create and discontinue subsidiaries, as necessary, to facilitate the sale of identical Travelers homeowners insurance policies at multiple prices. For example, in Ohio, Defendants use designations such as "Platinum," "Gold" and "Silver" for their higher-priced, mid-priced and lower-priced policies, respectively. On information and belief, Plaintiffs allege that for the most part the subsidiaries have few or no employees or offices separate or apart from the managing or lead company and are instead mere constructs established to facilitate Defendants' multiple price point scheme. As described herein, they are agents, alter-egos and co-conspirators of each other.

28. Plaintiffs and Class members have been proximately harmed, and Defendants have been unjustly enriched, by Defendants' deceptive and unlawful scheme.

## CLASS ACTION ALLEGATIONS

29.     Plaintiffs bring this class action pursuant to Federal Rule of Civil Procedure 23(a), 23(b)(2), and 23(b)(3) on behalf of a class (the "Class") consisting of:

> All persons in the United States who purchased a homeowners insurance policy from Travelers Property Casualty Insurance Company, Travelers Property Casualty Insurance Company of Ohio, or any of their subsidiaries, affiliates or authorized agents, who were eligible to purchase Travelers homeowners insurance offering identical coverage and service, at a lower price, from January 1, 1998 to the present (the "Class Period").

7

30.    Excluded from the Class are:

> All present and former agents of Defendants during the Class
> Period; all present and former employees of Defendants during the
> Class Period; any Class member who timely elects to be excluded
> from the Class; and all members of the judiciary of this Court, and
> members of their immediate families.

31.    Throughout the Class Period, and as of the present date, Defendants had and have

the administrative ability, through their computer systems and other records, to identify all

members of the Class.

32.    Plaintiffs allege that all Class members sustained injury in fact as a proximate

result of the unlawful scheme described herein, including the injury of paying a higher price for

Travelers homeowners insurance than they would have paid had Defendants disclosed the

availability of identical lower-priced Travelers homeowners insurance policies.

33.    Plaintiffs are members of the Class described herein. As a result of Defendants'

failure to disclose and make available to Plaintiffs their lowest available price for Travelers

homeowners insurance, Plaintiffs purchased a higher-priced Travelers Indemnity Company of

America homeowners insurance policy on or about March 19, 2002. Defendants sold to

Plaintiffs a higher-priced Travelers homeowners insurance policy without informing Plaintiffs of

an identical Travelers homeowners insurance policy available at a lower price.

34.    This action is properly brought as a class action under Rule 23. Membership in

the Class is so numerous as to make it impractical to bring all Class members before the Court.

The exact number of Class members is unknown, but can be determined from Defendants'

computerized and other records. Plaintiffs reasonably estimate and believe that there are

8

thousands of persons in the Class. Although Plaintiffs do not presently know the names of all Class members, their identities and addresses can be readily ascertained from Defendants' records.

35.     There are numerous and substantial questions of law and fact that are common to all of the members of the Class that control this litigation and that predominate over any individual issues. Defendants designed and implemented the sales program involving their homeowners insurance policies and concealed from their policyholders any disclosure of the programs available to the policyholder or the availability of less expensive Travelers homeowners insurance policy products, whereby the policyholder could receive the same homeowners insurance coverage and service for substantially less money. The common questions raised by Plaintiffs' claims include:

a.     Whether Defendants implemented a scheme designed to conceal the availability of lower-priced Travelers homeowners insurance policies;

b.     Whether Defendants have a duty to disclose to consumers the lowest available price for Defendants' homeowners insurance;

c.     Whether Defendants induced their authorized agents to conceal from consumers the lowest available price for Defendants' homeowners insurance;

d.     Whether Defendants failed and refused to train, supervise, monitor and discipline their authorized agents who concealed from consumers the lowest available price for Defendants' homeowners insurance;

e.     Whether the conduct of Defendants, as described herein, supports Plaintiffs' claims for fraud and unjust enrichment; and

f.     Whether the Class is entitled to compensatory and punitive damages, injunctive relief, or other equitable relief against Defendants.

9

36.     Plaintiffs' claims are typical of those of the Class.  Defendants concealed from Plaintiffs and Class members the availability of different premium options for Travelers homeowners policies offering identical coverage and policyholder service.  By failing to disclose and intentionally concealing material facts, Defendants kept Plaintiffs and Class members unaware of their deception.

37.     Plaintiffs have no interests adverse to those of Class members.  Plaintiffs will fairly and adequately protect the interests of the Class and have retained counsel experienced and competent in the prosecution of class actions and complex litigation, including litigation involving homeowners insurance policies.

38.     Class certification pursuant to Fed.R.Civ.P. 23(b)(2) is appropriate because the Defendants' course of dealing with members of the Class adversely affects all members of the Class, thereby making appropriate final, injunctive and declaratory relief with respect to the Class as a whole, whereby Defendants would be compelled to cease such course of dealing.

39.     Class certification pursuant to Fed.R.Civ.P. 23(b)(3) is appropriate because the damages suffered by individual Class members are small compared to the burden and expense of individual prosecution of the litigation needed to address Defendants' conduct.  Further, it would be virtually impossible for the members of the Class individually to effectively redress the wrongs that they have individually suffered.  Even if Class members themselves could afford such individual litigation, the court system could not, given the size of the Class.  In addition, individualized litigation increases the delay and expense to all parties and to the court system. Individualized litigation also presents a potential for inconsistent or contradictory judgments.  By contrast, class litigation presents far fewer management difficulties, allows adjudication of claims that might otherwise go unaddressed because of the expense of bringing individual litigation, and

10

provides the benefits of uniform adjudication, economies of scale, and comprehensive supervision by a single court.

## COUNT ONE
## FRAUD

40.     Plaintiffs incorporate by reference each of the allegations contained in the preceding paragraphs 1-39, as if fully set forth herein.

41.     Defendants were and are under a continuing duty to disclose to Plaintiffs and Class members the lowest available price for Travelers homeowners insurance.

42.     Defendants, through the misconduct alleged herein, concealed from Plaintiffs and Class members the availability of identical Travelers coverage and service for a lower premium.

43.     Defendants' concealment of their lower-priced policies was material to Plaintiffs' purchase of Travelers homeowners insurance.

44.     Defendants' material omissions induced Plaintiffs and Class members, and continue to induce Class members, to purchase higher-priced Travelers homeowners policies offering identical coverage and service.

45.     Defendants knew that the failure to disclose the lowest available price for Travelers homeowners insurance to Plaintiffs and Class members was misleading.  Plaintiffs and Class members were in fact deceived by Defendants' unlawful scheme.

46.     The concealment of the availability of an identical Travelers homeowners insurance policy for a lower price was done with the intent of inducing Plaintiffs and Class members to pay substantially more for identical coverage.

47.     Defendants have exhibited, and continue to exhibit, "actual malice."

48.     Plaintiffs and Class members justifiably relied upon Defendants' concealment of the material facts and/or Defendants' false representations to their detriment.

11

**THEREFORE**, Plaintiffs, on behalf of themselves and all others similarly situated demand compensatory and punitive damages in an amount to be determined upon trial of this matter.

**COUNT TWO**
**UNJUST ENRICHMENT**

49.     Plaintiffs incorporate by reference each of the allegations contained in the preceding Paragraphs 1 through 48, as if fully set forth herein.

50.     Defendants have knowingly received, and continue to receive, a substantial benefit at the expense of Plaintiffs and each individual Class member.

51.     Defendants' profits would have been reduced but for their wrongful and unlawful conduct.

52.     It would be unjust and unconscionable to permit Defendants to enrich themselves at the expense of Plaintiffs and each Class member and to retain the excessive premiums that the Defendants wrongfully obtained from Plaintiffs and other individual Class members.

**THEREFORE**, Plaintiffs, individually, and on behalf of each individual Class Member similarly situated, seek restitution and/or disgorgement of the profits wrongfully derived from Plaintiffs and each Class member, respectively, as well as other equitable relief as the Court deems proper and appropriate.

**WHEREFORE**, Plaintiffs, on behalf of themselves and all others similarly situated, pray that the Court enter judgment against Defendants and in favor of Plaintiffs and Class members, and award the following relief:

> A. For an order certifying the Class and appointing Plaintiffs and
>    their counsel to represent the Class;

12

B. For an order declaring that Defendants have violated their duty
to disclose to Plaintiffs and Class members the lowest available
rates for Travelers homeowners insurance;

C. For an order awarding Plaintiffs and each Class member
restitution and/or disgorgement of the profits wrongfully earned
from Plaintiffs and each Class member, respectively, as well as
other equitable relief as the Court deems appropriate;

D. For an order creating a constructive trust for the benefit of
Plaintiffs and Class members in an amount equal to the
aggregate difference between insurance premiums paid by
Plaintiffs and Class members for their policies, and the
premiums they would have paid had Defendants disclosed the
availability of their identical, lower-priced policies, plus
interest;

E. For an order awarding Plaintiffs and Class members
compensatory and punitive damages in an amount to be
determined upon trial of this matter;

F. For an order enjoining Defendants from continuing the
misconduct described herein;

G. For fees and expenses incurred in the pursuit of their action;

H. For an order awarding such other and further relief as this
Court deems just and proper.

## **JURY DEMAND**

Pursuant to the Federal Rules of Civil Procedure, Plaintiffs respectfully demand trial by

jury.

Respectfully submitted,

R. Eric Kennedy (0006174)
Daniel P. Goetz  (0065549)
WEISMAN, KENNEDY & BERRIS,
CO., L.P.A.
Suite 1600 Midland Building
101 Prospect Ave. West
Cleveland, Ohio 44115
(216) 781-1111
ekennedy@weismanlaw.com;

13

drozman@weismanlaw.com;
dgoetz@weismanlaw.com

BARRETT LAW OFFICE, P.A.
Don Barrett
404 Court Square North
P.O. Box 987
Lexington, MS 39095
(662) 834-2376

Charles F. Barrett
3319 West End Ave., Suite 600
Nashville, TN 37203
(615) 386-8391

LIEFF, CABRASER, HEIMANN &
        BERNSTEIN, L.L.P.
Morris A. Ratner
780 Third Avenue, 48th Floor
New York, NY 10017
(212) 355-9500

LOVELACE LAW FIRM, P.A.
Dewitt M. Lovelace
36474 Emerald Coast Parkway, Suite 4202
Destin, FL 32541
(850) 837-6020

GORE LAW FIRM
Pierce Gore
22 Euclid Ave.
Los Gatos, CA  95030
(408) 354-1585

*Attorneys for Plaintiffs and the Class*

14