**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **VINCENT ZANGARA, on behalf of himself** | : | |
| **and all others similarly situated,** | : | Case No. 1:05cv731 |
| | : | |
| | : | |
| Plaintiffs, | : | **JUDGE KATHLEEN O'MALLEY** |
| | : | |
| v. | : | |
| | : | |
| **TRAVELERS INDEMNITY COMPANY** | : | **MEMORANDUM AND OPINION** |
| **OF AMERICA and TRAVELERS PROPERTY** | : | |
| **CASUALTY INSURANCE COMPANY,** | : | |
| | : | |
| Defendants. | : | |

This matter arises on a *Motion for Leave of Court to File a Second Amended Class Action Complaint* (Doc. #56) ("Motion to Amend the Complaint") filed by class Plaintiffs. Plaintiffs seek to amend their Complaint[1] by joining a new party defendant, The Standard Fire Insurance Company ("Standard"), and by substituting three new named plaintiffs for the current named plaintiff, Vincent Zangara ("Zangara").[2] Defendants Travelers Indemnity Company of America ("TICA") and Travelers Property Casualty Insurance Company ("TPCIC") (collectively, "Defendants") have filed

---

[1] "Complaint" refers to Plaintiffs' First Amended Class Action Complaint (Doc. #40).

[2] Mary Presnell was named as a Plaintiff along with Zangara in the original complaint, but she has since withdrawn. *See* Non-document order on March 3, 2006.

a brief in opposition (Doc. #58), arguing, *inter alia*, that the Court should dismiss this case for lack of subject matter jurisdiction because Plaintiffs have admitted that the named plaintiff, Zangara, has no claim against a proper defendant. Defendants have also filed a separate *Motion to Dismiss for Lack of Subject Matter Jurisdiction and to Vacate All Prior Orders* (Doc. #60).[3] For the reasons outlined below, the Court hereby:

1. **DENIES** Plaintiffs' *Motion for Leave of Court to File a Second Amended Class Action Complaint* (Doc. #56);

2. **DISMISSES** this case for lack of subject matter jurisdiction;

3. **VACATES** all prior orders entered in this case;

4. **TERMINATES as moot** *Travelers' Motion to Dismiss for Lack of Subject Matter Jurisdiction and to Vacate All Prior Orders* (Doc #60); and

5. **TERMINATES as moot** *Defendants' Motion to Strike Class Allegations* (Doc. #12).

## I. BACKGROUND

Plaintiffs filed a class action Complaint against Defendants on March 14, 2005, bringing counts for fraud and unjust enrichment based on Defendants' alleged deceptive sales practices. Specifically, Plaintiffs alleged that Defendants sell identical homeowners insurance policies at multiple prices and conceal the existence of the lower-priced, but identical, policies from eligible consumers. For a more complete description of the Complaint, see this Court's *Memorandum and Opinion denying Motion of defendants to dismiss* (Doc. #57).

In their present motion, Plaintiffs seek to amend the Complaint by adding a new defendant,

---

[3] While Plaintiffs have not yet had an opportunity to respond to this Motion to Dismiss, the issues raised in that motion are fully presented by Plaintiffs' Motion to Amend the Complaint. The Court sees no need to rebrief them.

Standard, and substituting three new named plaintiffs for Zangara. The original defendants named in the Complaint were TICA and TPCIC. Plaintiffs explain that, through discovery, they have learned that the proper defendants in this case are actually TPCIC and Standard. In addition, they explain that the named plaintiff, Zangara, was insured by TICA, which apparently is not a proper defendant. Therefore, Plaintiffs admit that Zangara "does not have a claim" as to the proper defendants, TPCIC and Standard. To cure that problem, Plaintiffs seek to join Standard as a defendant and substitute three new plaintiffs who, presumably, were insured by TPCIC and/or Standard. Plaintiffs move to amend their Complaint pursuant to Rule 15 and Rule 20 of the Federal Rules of Civil Procedure, which govern the amendment of pleadings and the joinder of parties, respectively.[4] Defendants oppose Plaintiffs' motion, arguing that, because Plaintiffs admit that Zangara "does not have a claim," this Court lacks subject matter jurisdiction and must dismiss the case.

## II. ANALYSIS

By admitting that TICA is not a proper defendant in this case, Plaintiffs essentially admit that Zangara, who was insured only by TICA, has not suffered the injury alleged in the Complaint. Because injury is one element of Article III standing, *see Coyne v. Am. Tobacco Co.*, 183 F.3d 488,

---

[4] Rule 15 provides, in relevant part, that "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed. R. Civ. P. 15. Rule 20 provides, in relevant part, that "[a]ll persons may be joined in one action as defendants if . . . any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20.

3

494 (6th Cir. 1999), Zangara lacks standing to bring this lawsuit.[5] Moreover, "[a] plaintiff's standing under Article III is a component of a federal court's subject matter jurisdiction." *Metz v. Supreme Court of Ohio*, 46 Fed. Appx. 228, 232 (6th Cir. 2002). Accordingly, Defendants argue that the Court is without subject matter jurisdiction and must dismiss the case. Plaintiffs seek to remedy their problem by adding new plaintiffs who, presumably, allege that they have been injured by the proper defendants. The question presented to the Court, therefore, is one previously presented to a district court in the Sixth Circuit: "Does a plaintiff, stripped of standing to assert a claim against defendants, have standing to amend the complaint to substitute a new plaintiff?" *Sogevalor, S.A. v. Penn Central Corp.*, 137 F.R.D. 12 (S.D. Ohio 1991).

The *Sogevalor* Court answered that question affirmatively under the facts presented to it, *id.* at 14, and, not surprisingly, Plaintiffs rely on that case. In *Sogevalor*, the plaintiff originally named in the complaint was determined to lack standing and sought to substitute a new plaintiff in the case who did have standing. The Court first noted that the new plaintiff, Weiss, "has no identity of interest with Sogevalor (the first named plaintiff), yet he premises his claim on the same operative facts and cause of action instituted by Sogevalor." *Id.* at 14. The Court concluded that, "considering the equities involved in this particular case and the admonitions of Fed.R.Civ.P. 15", leave to amend the complaint should be granted. *Id.* It based its conclusion on the fact that (1) essentially the same cause of action was at stake, (2) if the amendment was denied, Weiss could simply file a new

---

[5] The fact that this is a class action does not affect the analysis. *See Lewis v. Casey*, 518 U.S. 343, 357 (1996) ("That a suit may be a class action . . . adds nothing to the question of standing, for even named plaintiffs who represent a class must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent") (quoting *Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26, 40 n.20 (1976)).

lawsuit, (3) judicial economy supported allowing the currently filed action to proceed rather than wasting resources with a second filing, and (4) Rule 15 sets forth a liberal standard by which pleadings may be amended. *Id.* As Defendants point out, the Court reached its conclusion after noting that "the Sixth Circuit does not appear to have addressed this issue." *Id.*

Defendants, on the other hand, rely on *Zurich Ins. Co. v. Logitrans, Inc.*, 297 F.3d 528 (6th Cir. 2002), in which the Sixth Circuit (eleven years after *Sogevalor*) affirmed the district court's denial of a plaintiff's motion, pursuant to Federal Rule of Civil Procedure 17(a), to substitute a new plaintiff as the real party in interest. In that case, the Court found that, "whereas [the original plaintiff] admittedly has not suffered injury in fact by the defendants, it had no standing to bring this action and no standing to make a motion to substitute the real party in interest." *Id.* at 531. The Court, therefore, held that the district court was correct to dismiss the plaintiff's claims.[6] The Court explained that Rule 17(a) "must be read with a limitation that a federal district court must, at a minimum arguably have subject matter jurisdiction over the original claims." *Id.* The practical result of the that decision was that the proposed new plaintiff was barred from filing a new lawsuit because of the statute of limitations. *Id.* at 530.

In the present case, this Court finds that Zangara's lack of standing precludes him from amending the complaint to substitute new plaintiffs and join a new defendant. More precisely, his lack of standing divests this Court of subject matter jurisdiction necessary to even consider such a motion. To the extent that *Sogevalor* is no longer good law in the wake of *Zurich Insurance*

---

[6] Although the district court dismissed the plaintiff's claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Sixth Circuit based its decision on the lack of subject matter jurisdiction. *Id.* ("Article III standing is a jurisdictional requirement that cannot be waived, and [as] such may be brought up at any time in the proceeding.") (citing Fed.R.Civ.P. 12(h)(3)).

*Company*, the Court must reach the conclusion that it does. To the extent that *Sogevalor* remains valid, it is not binding on this Court, and, in any event, it is distinguishable from the present case.

One basis on which the *Sogevalor* Court reached its conclusion was that Weiss' claim was premised "on the same operative facts and cause of action instituted by Sogevalor." *Sogevalor, S.A.*, 137 F.R.D. at 14. In the present case, although the causes of action (fraud and unjust enrichment) remain the same, the operative facts potentially are very different because Plaintiffs seek to substitute both new named plaintiffs and a new defendant. If one of the new plaintiffs was insured by Standard, which presumably is the case, then an insurance transaction on which the Complaint is based could have occurred between two parties that were not named, or even referenced, in the original complaint. As Defendants point out, Rule 15 and Rule 20 do not permit a party to substitute an entirely new lawsuit. Further, this Court disagrees with the *Sogevalor* Court's reasoning that, under certain circumstances, considerations of judicial economy or Rule 15's liberal amendment standard can circumvent the requirements of the United States Constitution. As the Sixth Circuit noted in *Zurich Insurance Company*, the "Federal Rules of Civil Procedure cannot expand the subject matter jurisdiction of federal courts beyond the limits of the U.S. Constitution." *Id.* at 531 (citing 28 U.S.C. § 2072(b)). Like Rule 17(a), which was at issue in *Zurich Insurance Company*, Rule 15 and Rule 20 "must be read with the limitation that a federal district court must, at a minimum arguably have subject matter jurisdiction over the original claims." *Id.* To do otherwise is to ignore the Article III standing requirements that form the threshold consideration of a federal district court's authority to consider any matter.

This Court's decision, however, does not work as harsh a result as the one in *Zurich Insurance Company*. In that case, absent a substitution, the new plaintiff would have been barred

6

from maintaining an action because the relevant statute of limitations prevented the filing of a new action. In the present case, Plaintiffs may file a new lawsuit naming the proper plaintiffs and defendants, and, upon refiling, mark the action as related, resulting in its transfer to the undersigned.[7] There will, accordingly, be no prejudice to Plaintiffs and no waste of judicial resources.

In addition, because the Court finds that it lacks subject matter jurisdiction over this matter, it determines that it was without power to issue any orders in this case. Although a determination of lack of subject matter jurisdiction "does not <u>automatically</u> wipe out all proceedings had in the district court at the time when the district court operated under the misapprehension that it had jurisdiction," *Willy v. Coastal Corp.*, 503 U.S. 131, 137 (1992) (emphasis added), the circumstances in which those prior proceedings have been found to survive are not present in this case. Accordingly, the Court vacates all prior orders issued in this case. The Court cautions, however, that, to the extent that substantially similar arguments are raised in a future action, this opinion is not an invitation for parties to ask the Court to reconsider matters already ruled upon. In addition, all pending motions in this matter must be terminated as moot.

### III.    CONCLUSION

Because the Court determines that it lacks subject matter jurisdiction over this matter, this case must be **DISMISSED** and all prior orders must be **VACATED**. Accordingly, Plaintiffs' *Motion for Leave of Court to File a Second Amended Class Action Complaint* (Doc. #56) is **DENIED**, and the following pending motions are **TERMINATED as moot**: *Travelers' Motion to Dismiss for Lack of Subject Matter Jurisdiction and to Vacate All Prior Orders* (Doc #60) and

---

[7] Neither party has raised the issue of the statute of limitations, and, therefore, the Court assumes it is not a procedural obstacle for Plaintiffs. If Plaintiffs are barred by the relevant limitations, nothing in this order, of course, operates to remove that bar.

*Defendants' Motion to Strike Class Allegations* (Doc. #12). If the action proposed in the amended complaint is filed in this district, Plaintiffs are directed to mark it as related to the current action and the Clerk is directed to assign or transfer (as appropriate) that action to the undersigned.

     **IT IS SO ORDERED.**

                                         s/Kathleen M. O'Malley
                                         **KATHLEEN McDONALD O'MALLEY**
                                         **UNITED STATES DISTRICT JUDGE**

**Dated: March 30, 2006**